UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20080-CIV-SEITZ/O'SULLIVAN

27TH AVENUE INVESTMENTS, INC.,
A Florida corporation,

    Plaintiff,

v.

ASPEN SPECIALTY INSURANCE COMPANY,
A foreign corporation,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the defendants' Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion to Abate and to Compel Examination Under Oath and Production of Documents (DE # 2, 2/05/08).  The parties consented to magistrate judge jurisdiction over pretrial matters in this case, including the resolution of any motions to dismiss.  (DE# 18, 6/25/08).  District Judge Seitz referred the matter to the undersigned on July 2, 2008.  (DE# 21). Having reviewed the applicable filings and the law, it is ORDERED AND ADJUDGED that the defendants' Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion to Abate and to Compel Examination Under Oath and Production of Documents (DE # 2, 2/05/08) is **DENIED** for the reasons set forth below.

## BACKGROUND

On December 12, 2007, the plaintiff filed a Complaint in state court alleging breach of contract and seeking a declaration of rights under an insurance policy

regarding property damaged by Hurricane Katrina. (DE # 1, 1/11/08). The defendant removed the action to this Court based on diversity.  On February 5, 2008, the defendant filed a Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion to Abate and to Compel Examination Under Oath and Production of Documents (DE # 2, 2/05/08).  The defendant seeks dismissal of the Complaint on the grounds that the plaintiff failed to satisfy certain conditions precedent required under the subject insurance policy.  The defendant claims that the plaintiff failed to provide documentation that would give proof of the amount claimed as insurance damages from Hurricane Katrina and failed to provide any acceptable dates for an examination under oath as required by the insurance policy (DE # 2, 2/05/08).

The undersigned has considered the defendant's motion and exhibits, the plaintiff's response (DE # 12 3/17/08), and the defendant's reply (DE # 13 3/20/08). Because the undersigned finds that the plaintiff's Complaint states a cause of action, the motion to dismiss is denied.  The alternative motion to abate is also denied.

## STANDARD OF REVIEW

I.    Motion to Dismiss

To state a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for judgment for the relief to which the pleader deems himself or herself entitled." Fed. R. Civ. P. 8(a).  In pleading conditions precedent, "it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9 ( c).  In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's

complaint and the attached exhibits. Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). On a motion to dismiss, the Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. Caravello v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc)). A motion to dismiss a complaint should not be granted if the factual allegations are "enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Nevertheless, a complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id.

The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984); Taylor v. Ledbetter, 818 F.2d 791, 794 n.4 (11th Cir. 1987), cert. denied, 489 U.S. 1065 (1989). It is only "when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action [that] dismissal of the complaint is appropriate." Excess Risk Underwriters, Inc. V. LaFayette Life Ins. Co., 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002)(citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)).

## II.     Alternative Motion to Abate

In its motion, the defendant alternatively asks this Court to abate the action and to compel the plaintiff to submit to an examination under oath and to produce

documents.  In contravention of Local Rule 7.1 ( c), neither the defendant's motion nor the defendant's reply specifically addresses the alternative relief sought.[1]  The plaintiff's response does not contain any citation or analysis of law regarding abatement.  The undersigned has been unable to find any cases that grant abatement under the circumstances at issue in the present case.

## ANALYSIS

I.      **Motion to Dismiss**

The defendant seeks dismissal of the action on the ground that the plaintiff did not comply with the conditions precedent to filing a lawsuit as provided by the insurance policy and requested by the insurer.  The plaintiff argues that the defendant's motion to dismiss improperly relies on evidence beyond the four corners of the Complaint.  In its Complaint, the plaintiff alleges that "[a]ll conditions precedent to the filing of this action have occurred." (Complaint ¶ 4, Ex. A to Notice of Removal ) (DE# 1, 1/11/08).  Additionally, the plaintiff alleges that "Plaintiff has diligently complied with all terms, conditions, duties and obligations, applicable to it, under the contracts of insurance." Id. at ¶ 10. Taking the plaintiff's allegations as true and construing the facts in the light most favorable to the plaintiff, as this Court must do in considering a Rule

---

[1] In its reply, the defendant cited Florida Gaming Corp. v. Affiliated FM Ins. Co., 502 F. Supp. 2d 1257 (S.D. Fla. 2007), but not for the issue of abatement.  The court in Florida Gaming denied the motion for summary judgment as to count I of the complaint that sought declaratory relief to compel appraisal.  The court found that the insurer had not demonstrated that it was entitled to judgment as a matter of law regarding Florida Gaming's post-loss obligations under the insurance policy.  The court granted a stay as to Count II, which was a claim for breach of contract.  The Florida Gaming decision did not provide any analysis regarding the stay issue.

12(b)(6) motion to dismiss, the Court concludes that the allegations in the plaintiff's Complaint do support the causes of action asserted for breach of contract and declaration of rights.  See Caravello, 315 F. Supp. 2d at 1348.

On their face, the cases cited by the defendant are legally distinguishable and inapposite.  None of the cases upon which the defendant relies were resolved on motions to dismiss.  Instead, the cases cited by the defendant were resolved on motions for summary judgment.  See, Galindo v. ARI Mutual Insurance Co., 203 F.3d 771 (11th Cir. 2000) (affirming summary judgement in favor of the insurer); Pervis v. State Farm Fire and Casualty Co., 901 F.2d 944 (11th Cir. 1990) (affirming summary judgment in favor of insured based on insured's failure to submit to EUO); Florida Gaming Corp. v. Affiliated FM Insurance Co., 502 F. Supp. 2d 1257 (S.D. Fla. 2007) (denying motion for summary judgment); Ferrer v. Fidelity and Guaranty Insurance Co., 10 F. Supp. 2d 1324 (S.D. Fla. 1998) (granting the insurer's motion for summary judgment); Fassi v. American Fire & Casualty Co., 700 So. 2d. 51 (Fla. 5th DCA 1997) (affirming summary judgment in favor of insurer); Stringer v. Fireman's Fund Ins. Co., 622 So. 2d 145 (Fla. 3d DCA 1993) (affirming final judgment denying insurance coverage based on insured's failure to submit to an examination under oath).  The standard of review for a  motion for summary judgment is completely different and inapplicable to the standard of review on a motion to dismiss.  The undersigned finds that the plaintiff has satisfied the pleading requirements to defeat a motion to dismiss. See Fed. R. Civ. P. 9 ( c); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Based on the foregoing, the motion to dismiss is DENIED.

## II. Motion to Abate

Without citing any case law or providing any legal analysis in contravention of Local Rule 7.1 ( c), the defendant alternatively asks this Court to abate this action to require the plaintiff to submit to an examination under oath and to produce documents. Generally, abatement is appropriate when the litigation is premature and can be remedied. See, Interlatin Supply, Inc. v. S & M Farm Supply, Inc., 654 So. 2d 254, 255 (Fla. 3d DCA 1995) (finding the action by farmers against the sellers of defective melon seeds was premature and must be abated until the buyers complied with administrative filing requirements). However, the undersigned has been unable to find any Florida law or federal cases in the Eleventh Circuit that have granted an abatement in the context of a plaintiff's alleged failure to comply with post-loss obligations that constitute conditions precedent under an insurance policy. Rather, several state and federal courts in Florida have dismissed the action without prejudice upon entry of summary judgment and have allowed the plaintiff to re-file after the insured has complied with the conditions precedent.

Under Florida law, an insured's failure to comply with post-loss obligations can bar an action against an insurer until the conditions precedent have been satisfied. See, Starling v. Allstate Floridian Ins. Co., 956 So. 2d 511, 513 (Fla. 5th DCA 2007)(affirming summary judgment); Wright v. Life Insurance Co. of Georgia, 762 So. 2d 992 (Fla. 4th DCA 2000) (affirming summary judgment in favor of the insurer and affirming dismissal without prejudice to allow the insured leave to re-file the action after compliance with the condition precedent); Goldman v. State Farm Fire General Ins.

Co., 660 So. 2d 300, 304 (Fla. 4th DCA 1995) (affirming summary judgment based on the finding that the insurance policy provisions requiring the insureds to submit to examinations under oath were conditions precedent to suit); Southgate Gardens Condominium Ass'n, Inc. v. Aspen Specialty Ins. Co., 2008 WL 2245866 (S.D. Fla. May 29, 2008) (unpublished) (granting summary judgment but dismissing the action without prejudice to allow belated compliance with the examination under oath provision); Florida Gaming Corp. v. Affiliated FM Ins. Co., 502 F. Supp. 2d 1257, 1265 (S.D. Fla. 2007) (granting summary judgment and staying the breach of contract action, but not the declaratory relief claim seeking to compel appraisal).   The undersigned finds that abatement is not warranted under the circumstances presented in this action.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that the defendants' Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion to Abate and to Compel Examination Under Oath and Production of Documents (DE # 2, 2/05/08) is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida this **8th** day of August, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Seitz
All counsel of record